LEWIS RICHMOND, RESPONDENT, v. CONSERVATIVE CREDIT SYSTEM OF NEW JERSEY, APPELLANT.

BARNEY RICHMOND, RESPONDENT, v. CONSERVATIVE CREDIT SYSTEM OF NEW JERSEY, APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Jacob S. Glickenhaus* and *Hugo Woerner*.

For the respondents, *Robert E. Pollan*.

The opinion of the court was delivered by

PARKER, J. We concur substantially in the views expressed by the Supreme Court on all points except the first, that the defendant did not violate the statute either in the notes or statements. The "brief" for the respondents is merely a memorandum that they rely on the *per curiam* opinion of the Supreme Court. Obviously they make no claim of illegality except what the Supreme Court undertakes to point out; and we are not required to search for defects in the note not presented to the Supreme Court and not presented here.

The case arises under the Small Loan act of 1914 as amended in 1928. *Pamph. L.* 1914, *p.* 75; *Pamph. L.* 1928, *pp.* 496, 497. The statute is very drastic, and like some of the

usury laws of other states, enacts a forfeiture of principal and interest if the lender stray from the straight and narrow path, and permits the borrower to recover back at any time what he has paid for either principal or interest, leaving the lender shorn of all. The act has been vigorously enforced by the courts, as the cases cited by the Supreme Court, and others not so cited, will indicate.

The Supreme Court held that the notes involved here are similar to those considered in *Consolidated Plan* v. *Shanholtz,* 7 *N. J. Mis. R.* 876, and *Morris Plan* v. *Schwartz,* 8 *Id.* 417. The *per curiam* in the latter case does not set out the language of the note: but with respect to the clause relating to attorney's fee and percentage in case of default, it will be observed that in the Shanholtz case the agreement is to pay the attorney's fee and percentage upon default: whereas in the case at bar the note provides that on default, interest runs at three per cent., and on *entry of judgment* there shall be reasonable costs, including attorney's fee of fifteen dollars plus fifteen per cent. of the amount of the judgment (the *per curiam* says one per cent. is an error).

Now, section 5 of the statute uses this language:

"No charges, bonus, fees, expenses or demands of any nature whatsoever other than interest as above provided shall be made upon such loans or advancements except upon the actual foreclosure of the security or upon the entry of judgment."

In the Shanholtz case the charges, &c., were collectible before judgment, viz., on default: but that is not the case here. The exception in the statute plainly contemplates that they are lawfully collectible upon the entry of judgment: and the statute itself puts no limit to either the amount or character of the charges upon entry of judgment. The note before us carefully reserves them until that time: and so we think in this respect the statute is not violated and no right of recovery back arises out of that clause. It may be, though we do not pass on the point, that a recovery by the lender after judgment of an attorney's fee of $15 plus fifteen per cent. of the debt would be denied as in conflict with some other law: but

that is a very different thing from forfeiting to the borrower all he had paid on the loan.

The judgments of the Supreme Court and of the District Court will be reversed, and as the facts are conclusively settled, judgment final will be entered in this court in favor of the appellant and against respondents, with costs.

*For affirmance*—DONGES, BROGAN, KERNEY, JJ.   3.

*For reversal*—TRENCHARD, PARKER, CASE, HEHER, KAYS, HETFIELD, WELLS, JJ.   7.